```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION


HAKIM ABDULLAH,

                     Plaintiff,

vs.                                    Case No. 3:06-cv-275-J-33MCR

B.C. GIBBARD, etc.,  and D.
MCWILLIAMS, etc.,

                     Defendants.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Plaintiff Abdullah's two motions for default judgment (Doc. # 11 and Doc. # 13). Abdullah filed the first motion, styled "Plaintiff Memorandum of Law to Support Request to Clerk for Default Judgement Auth Fed. R. C. P. 55(b)(1)," on July 14, 2006. (Doc. # 11.) On September 5, 2006, Abdullah filed the second motion, this one styled "Plaintiff Motion for Judgement by the Court." (Doc. # 13.) The second motion states that the defendants were served with process on May 1, 2006. Id. Because the record shows that neither defendant was properly served, the Court denies both of Abdullah's motions.

In this case, Abdullah sues two federal officers in their individual capacities for actions related to their official duties. Rule 4(i)(2)(B) sets out special rules for serving such defendants.

1

Under that rule, service must be made on three separate individuals. First, the appropriate U.S. Attorney must be served. Compare Fed. R. Civ. P. 4(i)(2)(B) with Fed. R. Civ. P. 4(i)(1)(A). Second, the U.S. Attorney General must be served. Compare Fed. R. Civ. P. 4(i)(2)(B) with Fed. R. Civ. P. 4(i)(1)(B). Third, the defendant federal officer must be served in the same manner as any other individual defendant. Fed. R. Civ. P. 4(i)(2)(B). Thus, to perfect service upon each federal officer sued in an individual capacity, Abdullah must serve the officer himself, the U.S. Attorney, and the U.S. Attorney General. In this case, the record reflects that Abdullah has twice served the U.S. Attorney (once for each defendant federal officer), but has served no other party. (See Doc. # 9; Doc. # 10.) Because Abdullah has not also served each individual defendant and the U.S. Attorney General, Abdullah has not perfected service in this case.

Rule 12 provides that a defendant federal officer must respond within sixty days of the later of either service upon the defendant federal officer or service upon the U.S. Attorney. Fed. R. Civ. P. 12(a)(3)(B). The record reflects that the U.S. Attorney has been served in this case, but the defendant federal officers have yet to be served. Consequently, the defendant federal officers are not yet required to answer or otherwise defend. They have not "fail[ed] to plead or otherwise defend as provided by" the Federal Rules of Civil Procedure. This means that these defendants are not

in default.  Because the defendant officers are not in default, this Court denies Plaintiff Abdullah's two motions for default judgment.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Abdullah's first motion for default judgment, styled "Plaintiff Memorandum of Law to Support Request to Clerk for Default Judgement Auth Fed. R. C. P. 55(b)(1)" (Doc. # 11), filed on July 14, 2006, is **DENIED**.

Plaintiff Abdullah's second motion for default judgment, styled "Plaintiff Motion for Judgement by the Court" (Doc. # 13), filed on September 5, 2006, is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 9th day of November, 2006.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record