UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAKIM ABDULLAH,

    Plaintiff,

v.        Case No. 3:06-cv-275-J-33MCR

B.C. GIBBARD and D. McWILLIAMS,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants' Dispositive Motion to Dismiss (Doc. # 24), filed on March 16, 2007. Abdullah filed a response on March 26, 2007. (Doc. # 25.) In their motion, Defendants argue that there is no judicially created damage remedy for the claim Abdullah alleges. Defendants are correct, and this case must be dismissed.

**I.   Abdullah's Complaint**

Abdullah filed this action pro se on March 27, 2006. His lawsuit names two employees of the Veterans Administration in their "individual and personal capacit[ies]." (Doc. # 1.) Abdullah complains that these employees violated his Fifth Amendment right to due process in connection with the reduction of his veteran's benefits. (Doc. # 1.) Specifically, Abdullah alleges that he received a letter from the Veterans Administration on November 30, 2001, stating that his entitlement to a particular benefit was under review. (Doc. # 1.) On January 23, 2002, Abdullah requested

1

a hearing on the matter. (Doc. # 1.) On February 8, 2002, Abdullah received a letter from one of the employees explaining that Abdullah's benefits had been reduced. (Doc. # 1.) Abdullah again requested a hearing on March 13, 2002. (Doc # 1.) According to Abdullah, these facts state a violation of due process. (Doc. # 1.)

Abdullah's complaint does not explicitly state the source of his cause of action, though a fair reading reveals that he seeks to proceed directly under the Fifth Amendment in a Bivens[1] action. Indeed, Abdullah confirms this reading in his response to the employees' motion to dismiss. (Doc. # 25, at 1 ("Federal employees such as the name[d] employees in the instant case may be sued in their individual capacities for constitutional violations such as the Fifth Amendment violation alleged by Plaintiff Hakim Abdullah, pursuant to the Bivens Case, Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).").)

**II. The Employees' Arguments**

The employees responded with a motion to dismiss. In their motion, they identify that Abdullah seeks to proceed under Bivens. The employees argue that no Bivens action is available in this

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court established that, in certain circumstances, "the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 14, 18 (1980).

case. (Doc. # 24, at 3-4.) The employees also raise arguments aimed at defeating Abdullah's complaint to the extent that it brings a claim against the Veterans Administration. In his response, Abdullah makes crystal clear that his claims are only against the employees in their individual capacities, and not against the Veterans Administration. (Doc. # 25, at 2 ("Plaintiff Hakim Abdullah['s] complaint is not against the Veterans Administration. Plaintiff Hakim Abdullah['s] complaint is against [the employees] in their individual capacities.").) Because Abdullah does not bring any claims against the Veterans Administration, the Court need not reach the employees' arguments addressed to such claims.

### III. Standard

On a motion to dismiss, a district court must accept as true all the allegations in the complaint and construe them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). A court must favor the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). The complaint may not be dismissed if the factual allegations, taken as true, suffice to "raise a right to relief above the speculative level." Bell Atl. Corp. v.

Twombly, 127 S. Ct. 1955, 1964-65 (2007) (concluding that complaint need not state "detailed factual allegations" but must state sufficient factual allegations to raise right to relief above speculative level). Thus, a complaint may be dismissed only if all the factual allegations, taken as true and construed in the light most favorable to the plaintiff, fail to raise a right to relief above the speculative level.

**IV. Discussion**

Abdullah's complaint fails to raise any right to relief. The complaint alleges only a Bivens action against the individual employees, but no such action exists in the context of this case. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, the Supreme Court authorized a cause of action against individual federal officers for violating the Fourth Amendment, 403 U.S. 388, 390-95, 397 (1971), even though no statute granted the right to sue the officers, Carlson v. Green, 446 U.S. 14, 18 (1980). Abdullah has not identified any case creating a Bivens remedy for violations of the Fifth Amendment in the context of veterans' benefits disputes, and this Court declines to create such a remedy.

In determining whether to authorize a Bivens remedy for the vindication of a constitutional interest, the Supreme Court has asked "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to

refrain from providing a new and freestanding remedy in damages." <u>Wilkie v. Robbins</u>, 127 S. Ct. 2588, 2598 (2007).  Where Congress has created a comprehensive remedial system that governs the administration of a government program, courts have not created a <u>Bivens</u> remedy for constitutional violations arising out of the administration of that program.  See <u>Schweiker v. Chilicky</u>, 487 U.S. 412, 423 (1988).  Thus, in <u>Schweiker</u>, the Supreme Court declined to create a <u>Bivens</u> remedy for alleged due process violations in connection with social security benefits determinations, in light of the "elaborate remedial scheme devised by Congress."  <u>Schweiker</u>, 487 U.S. at 414.

With the Veterans' Judicial Review Act of 1988, Congress has created a remedial structure that "provides for a comprehensive review of veterans' benefits disputes."  <u>Zuspann v. Brown</u>, 60 F.3d 1156, 1161 (5th Cir. 1995).  Three circuit courts of appeals have found that this congressionally created process amounts to a convincing reason for the Judicial Branch to refrain from creating a <u>Bivens</u> remedy.  See <u>Hicks v. Small</u>, 69 F.3d 967, 969 (9th Cir. 1995) ("The district court correctly held that a <u>Bivens</u> action was inappropriate in light of the comprehensive, remedial structure of the VJRA."); <u>Zuspann</u>, 60 F.3d at 1161 (5th Cir. 1995); <u>Sugrue v. Derwinski</u>, 26 F.3d 8, 12-13 (2d Cir. 1994).  Additionally, the Middle District of Florida held that "the comprehensive remedial structure of the VJRA precludes <u>Bivens</u> actions against [Veterans

5

Administration] officials." Cheves v. Dep't of Veterans Affairs, 227 F. Supp. 2d 1237, 1247 (M.D. Fla. 2002). This Court agrees and therefore declines to create a Bivens remedy for due process violations arising out of veterans' benefits determinations.

Abdullah's complaint brings only a Bivens claim against the employees in their individual capacities. No such Bivens claim exists, and the Court declines to create one. Consequently, Abdullah's complaint fails to state a claim for which relief can be granted, and must be dismissed. See Zuspann, 60 F.3d at 1160.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendants' Dispositive Motion to Dismiss (Doc. #24) is **GRANTED.**

2. The Clerk shall terminate any previously scheduled deadlines and pending motions, and close the case.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 21st day of August 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Parties and Counsel of Record