UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAKIM ABDULLAH,

    Plaintiff,

v.                                Case No. 3:06-cv-275-J-33MCR

B.C. GIBBARD, in his individual
personal capacity,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 33), filed on September 10, 2007. Abdullah filed a response on September 17, 2007. (Doc. # 34.) In his motion, Gibbard argues that Abdullah's amended complaint suffers from the same deficiency that compelled the Court to dismiss his original complaint. Gibbard is correct, and this case must be dismissed.

**I.    Abdullah's Original Complaint**

Abdullah filed this action pro se on March 27, 2006. His lawsuit initially named two employees of the Veterans Administration in their "individual and personal capacit[ies]." (Doc. # 1.) Abdullah complained that these employees violated his Fifth Amendment right to due process in connection with the reduction of his veteran's benefits. (Doc. # 1.) Specifically, he alleged that he received a letter from the Veterans Administration

1

on November 30, 2001, stating that his entitlement to a particular benefit was under review. (Doc. # 1.) On January 23, 2002, he requested a hearing on the matter. (Doc. # 1.) On February 8, 2002, he received a letter from one of the employees explaining that his benefits had been reduced. (Doc. # 1.) He again requested a hearing on March 13, 2002. (Doc # 1.) According to Abdullah, these facts state a violation of due process. (Doc. # 1.)

Abdullah's complaint sought to bring a Bivens[1] action directly under the Fifth Amendment. The Court determined that Abdullah could not maintain a Bivens action in the context of this case. Consequently, the Court dismissed Abdullah's complaint. (Doc. # 30.) The Court granted Abdullah leave to amend, however. (Doc. # 31.)

**II. Abdullah's Amended Complaint**

Abdullah filed his amended complaint on September 4, 2007. (Doc. # 32.) This amended complaint now names only one Veterans' Administration employee, but it continues to press the same Fifth Amendment Bivens claim and must therefore be dismissed. To be sure, the amended complaint also purports to state claims under the

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court established that, in certain circumstances, "the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 14, 18 (1980).

2

Ninth and Fourteenth Amendments, but this does not change the outcome. Abdullah presents only the bare statement that Gibson violated his rights under the Ninth and Fourteenth Amendments.

The Ninth Amendment provides, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.

> [T]he ninth amendment does not confer substantive rights in addition to those conferred by other portions of our governing law. The ninth amendment 'was added to the Bill of Rights to ensure that the maxim <u>expressio unius est exclusio alterius</u> would not be used at a later time to deny fundamental rights merely because they were not specifically enumerated in the Constitution."

<u>Gibson v. Matthews</u>, 926 F.2d 532, 537 (6th Cir. 1991) (quoting <u>Charles v. Brown</u>, 495 F. Supp. 862, 863-64 (N.D. Ala. 1980)); <u>see also</u> <u>Jenkins v. Comm'r of Internal Revenue</u>, 483 F.3d 90, 92 (2d Cir. 2007) (explaining that Ninth Amendment is a rule of construction rather than an independent source of individual rights). Thus, a plaintiff may not proceed under the Ninth Amendment without at least stating what underlying right has allegedly been abridged. <u>See</u> <u>Parham v. Lamar</u>, 1 F. Supp. 2d 1457, 1461 (M.D. Fla. 1998). Abdullah has not specified such a right and indeed has entirely failed to explain how the Ninth Amendment supports his claims.[2] Abdullah has not stated a claim under the

---

[2]It is clear the only substantive right Abdullah claims Gibbard violated is Abdullah's Fifth Amendment right to due process. Abdullah may not go forward simply by recasting his failed Fifth Amendment claim as a Ninth Amendment claim. <u>Cf.</u> <u>Jenkins</u>, 483 F.3d at 94.

3

Ninth Amendment.

Neither has Abdullah stated a claim under the Fourteenth Amendment. The Fourteenth Amendment limits the power of the <u>states</u>. U.S. Const. amend. XIV. It does not apply to the federal government. <u>Okpala v. Jordan</u>, 193 F. App'x 850, 852 (11th Cir. 2006). Abdullah complains of actions taken by a federal employee. Abdullah cannot state a Fourteenth Amendment claim.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 33) is **GRANTED**. This matter is dismissed without prejudice.

2. The Clerk shall enter judgment accordingly, terminate any previously scheduled deadlines and pending motions, and close the case.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>14th</u> day of December 2007.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Parties and Counsel of Record